IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>GABRIEL JOHNSON,<br><br>        Defendant.<br>_____/ | NO.  CR. S-10-0090 GEB<br><br>ORDER RE IN CAMERA REVIEW OF DOCUMENTS PURSUANT TO <u>FED.R.CRIM.P. 17(C) SUBPOENA</u> |

        On May 5, 2011, a hearing was held before the undersigned on the motion by Real Party in Interest City of Sacramento for in camera review of police personnel records being produced pursuant to a court-authorized subpoena issued under Federal Rule of Criminal Procedure 17(c) and for protective order with respect to any such records ordered produced to the defense in this criminal prosecution.  (Doc. No. 53.)  Assistant Federal Defenders Douglas Beevers and Matthew Scoble appeared on behalf of defendant Gabriel Johnson, who was present.  Assistant U.S. Attorney Daniel McConkie appeared on behalf of the United States.  Deputy City Attorney Michael A. Fry appeared on

1

behalf of the moving party, the City of Sacramento.

After hearing from the parties at the hearing, the court granted the motion for in camera review.[1]  The personnel records were produced to the undersigned for that purpose.  Having completed the in camera review, the court concludes that the personnel records produced pursuant to the Rule 17(c) subpoena do not include any information material to witness credibility or sufficiently useful for impeachment purposes that their production to the defense in this case is warranted.  Having so found, the request for a protective order is rendered moot.  The personnel file will be returned by the court to the Real Party in Interest, City of Sacramento.

IT IS SO ORDERED.

DATED: May 10, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.criminal
johnson10cr0090.R17(c)

---

[1] The court noted that the Rule 17(c) subpoena itself contemplated in camera review by the court of the personnel file of the police officer in question to determine whether that file contained impeachment material which should be divulged to the defense for use at trial.  See Giglio v. United States, 405 U.S. 150, 154 (1972); United States v. Henthorn, 931 F.2d 29, 31 (9th Cir. 1991); see also United States v. Origel, No. CR 09-2688-TUC-FRZ (GEE), 2010 WL 1654134, at *1-3 (D. Az. Apr. 20, 2010) (granting Rule 17(c) subpoena request for personnel documents from state law enforcement agents involved in the federal prosecution); United States v. Conte, No. CR 04-0044 SI, 2004 WL 2988567, at *12 (N.D. Cal. Dec. 28, 2004) (same).